UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES OF THE NORTH ATLANTIC STATES CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,

Petitioners,

-against-

JURIS BUILDERS LLC,

Respondent.

26 CV ________________

**PETITION TO CONFIRM AN ARBITRATION AWARD**

Petitioners, Trustees of the North Atlantic States Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the North Atlantic States Regional Council of Carpenters f/k/a the New England Regional Council of Carpenters ("Union") and Juris Builders LLC ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Petitioners Trustees of the North Atlantic States Carpenters Health, Pension, Annuity and Apprenticeship Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5. Petitioners Trustees of the North Atlantic States Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6. Respondent Juris Builders LLC is a domestic limited liability company incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Upon information and belief, Respondent maintains its last known principal place of business at 37 Franklin Street, Suite 1000, Buffalo, New York 14202.

7. The New York Department of State Division of Corporations lists "Ramos & Ramos" with an address of 37 Franklin Street, Suite 1000, Buffalo, New York 14202, as the post

office address to which the Secretary of State shall mail a copy of any process against Respondent served upon the Secretary of State by personal delivery.

**THE COLLECTIVE BARGAINING AGREEMENT**

8. On or about May 17, 2024, Respondent executed a Short Form Agreement in connection with work performed on the project known as "Drywall Hanging and Finishing" located at 4 Lock Street, Lockport NY 14094 (the "Project"). A copy of the Short Form Agreement executed by Respondent, which provides it shall "continue in effect for the duration of the Project," is annexed hereto as **Exhibit A**.

9. Pursuant to the Short Form Agreement, Respondent agreed to be bound by "every applicable current collective bargaining agreement" between the Union and the various contractor associations governing, *inter alia*, "wages, working conditions and payments to fringe benefit funds applicable to the [Project], which agreements are incorporated herein by reference." *See* Ex. A ¶ 2.

10. The Short Form Agreement also bound Respondent to the "Agreement and Declarations of Trust, as amended, governing the above-mentioned fringe benefit Funds" and incorporated by reference therein. *See id*.

11. Accordingly, through the Short Form Agreement Respondent agreed to be bound by the collective bargaining agreements entered between the Union and the relevant member contractor associations (the "Associations"); specifically, Respondent became bound to the Northwest Regional Agreement between the Associations and the Union covering the period June 1, 2021 through May 31, 2026 (the "CBA"). A copy of the CBA is annexed hereto as **Exhibit B**.

12. The CBA provides it "shall remain in effect until May 31, 2026 and shall continue thereafter from year to year" unless either party submits written notice, subject to certain specified requirements therein. *See* Ex. B, Art. 44.

13. Petitioners' records indicate that neither party submitted such notice. Accordingly, Respondent has at all relevant times been bound to the CBA. *See* Ex. B, Art. 44.

14. The CBA requires Respondent, *inter alia*, to pay contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union ("Covered Work"). *See* Ex. B, Art. 16, §§ 1 and 8.

15. The CBA further provides that the employer agrees to be bound by, and must comply with, the Agreements and Declarations of Trust and the Plans and other associated documents adopted by, and governed by, the Funds. *See* Ex. B, Art. 16, § 3.

16. The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy"). A copy of the Collection Policy is attached hereto as **Exhibit C**.

17. The Collection Policy defines "contributions" as the monetary contributions due to the Funds inclusive of the supporting remittance reports, shop steward reports, and/or weekly payroll reports. *See* Ex. C, Art. II, 2.1, A.

18. The Collection Policy further states that "… [c]ontributions… are due on the date the employer's CBA requires payment…" (the "Due Date"). *See* Ex. C, Art. II, 2.1, A. The CBA requires employers to make monthly remittances "on or before the 15th day of the month following the month during which the hours were worked," and weekly remittances by "the end of the week that the hours were worked." *See* Ex. B, Art. 16, § 4.

19. The CBA authorizes the Funds to conduct audits to determine whether, and to what extent, the employer has complied with the required remittance of benefit contributions. *See* Ex. B, Art. 16, § 6.

20. The Collection Policy permits the Funds to conduct periodic payroll audits to ensure compliance with the required remittance of benefit contributions. *See* Ex. C, Art. I, 1.1, C (3), and Art. IV, 4.1.

21. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. *See* Ex. C, Art. II, 2.3, A.

22. The CBA and the Collection Policy state that the employer shall be liable for all costs incurred in collecting the delinquent contributions, including without limitation interest, liquidated damages, attorneys' fees, audit costs, and arbitration fees. *See* Ex. B, Art. 16, § 5; *see* Ex. C, Art. I, 1.1, C (4-5) and Art. VI, 6.1-6.3.

23. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month (9% per year) compounded monthly. *See* Ex. C, Art. II, 2.1, D.

24. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date and shall become due and owing if suit is commenced and/or arbitration is demanded. The amount of the liquidated damages shall be 20% of the delinquent Contributions." *See* Ex. C, Art. VI, 6.1.

**THE ARBITRATION AWARD**

25. A dispute arose between the parties when Respondent, in violation of the CBA, failed to remit contributions of $11,696.40 owed to the Funds for Covered Work performed during the payroll periods covering May 2024 through July 2024.

26. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent. A copy of the Notice of Intent to Arbitrate Delinquency is attached hereto as **Exhibit D**.

27. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated August 20, 2026, determining said dispute (the "Award"). A copy of the Award is attached hereto as **Exhibit E**.

28. The arbitrator found that Respondent violated the terms of the CBA when it failed to make timely and accurate payments, and ordered Respondent to pay the Funds the sum total of $24,687.94,[1] consisting of: (1) delinquent contributions of $11,696.40 for the payroll periods covering May 2024 through July 2024; (2) interest of $1,960.06; (3) liquidated damages of $2,339.28; (4) audit fees of $6,192.20; (5) attorneys' fees of $1,500, plus interest thereon at the rate of 10% from the date of the Award, and (6) the arbitrator's fee of $1,000, pursuant to the CBA. *See* Ex. E.

29. The arbitrator also ordered Respondent to comply with the Funds' audit demand, and payment of court costs of at least $405 should the Funds seek judicial enforcement of the Award. *See* Ex. E.

[1] Paragraph 4 of the Award states that Respondent is liable to the Funds in the total amount of $18,495.74 due to a clerical error. *See* Ex. E, pg. 2, ¶ 4. This figure inadvertently omits the $6,192.20 in audit fees expressly awarded by the arbitrator in Paragraph 1 of the Award. *See id.* at ¶ 1. The amounts expressly awarded in Paragraphs 1 through 3 total $24,687.94, and Petitioners accordingly seek confirmation of the Award in that amount. *See* Ex. E, pg. 2, ¶¶ 1-3. Correction of this clerical error does not modify the substantive relief awarded or prejudice Respondent, as Respondent was expressly found liable for each component comprising the sum total of $24,687.94 sought herein.

30. On August 25, 2026, Respondent was served with the Award and a letter demanding compliance therewith via certified and electronic mail. A copy of the demand letter is annexed hereto as **Exhibit F**.

31. As of the date of this Petition, Respondent has failed to pay any portion of the Award and has failed to comply with an audit as required by the Award.

32. The Award has not been vacated or modified and no application for such relief is currently pending.

33. This Petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

**ATTORNEYS' FEES AND COSTS**

34. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award, the CBA, and the Collection Policy. *See* Ex. E; Ex. B, Art. 16, § 5; Ex. C, Art. I, 1.1, C (4) and Art. VI, 6.2.

35. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are attached hereto as **Exhibit G**.

36. I, Allison Herstic ("AH" in the accompanying billing records), am a 2024 graduate, *cum laude*, of Benjamin N. Cardozo School of Law, and an associate at V&A. I previously worked as a law clerk at V&A. My primary practice area is labor and ERISA litigation. V&A billed my time at a rate of $310 per hour for work performed in connection with this action. *See* Ex. G.

37. Maura Moosnick ("MM" in the accompanying billing records) is a 2021 graduate of Fordham University School of Law, and a partner at V&A. She previously worked as a legal assistant at V&A from 2016 to 2018 and worked at V&A as a law clerk and an associate before

her elevation to partner in July 2024. Her primary practice area is the representation of multiemployer benefit funds. She regularly handles arbitration hearings and petitions to confirm arbitration awards on behalf of the Funds. V&A billed her time at a rate of $410 per hour for work performed in connection with this action. *See* Ex. G.

38. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

39. The above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

40. V&A's total billings in this matter amount to $1,864.50, reflecting 6 hours of work. *See* Ex. G.

41. In addition, V&A will also advance no less than $85 in service fees[2] and $405 in court fees in connection with this matter.

42. Accordingly, Petitioners are entitled to recover $2,354.50 in attorneys' fees and costs incurred in connection with this matter.

43. A Proposed Judgment is attached hereto as **Exhibit H.**

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;
2. Order Respondent to make its books and records available to Petitioners within thirty (30) days for purposes of an audit in compliance with the Award;

[2] This amount does not include copying costs charged by process servers, as such charges vary depending on the service provider used for service of process. The Funds reserve the right to supplement their papers to reflect the final amount of costs incurred, including copying expenses.

3. Award judgment in favor of Petitioners and against Respondent in the amount of $24,687.94, pursuant to the Award, plus pre-judgment interest thereon to accrue from August 20, 2026 at the annual rate of 9%;
4. Award judgment in favor of the Petitioners and against Respondent in the amount of $2,354.50 in attorneys' fees and costs arising out of this Petition;
5. Award post-judgment interest at the statutory rate; and
6. Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York
October 14, 2026

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: */s/ Allison Herstic*

Allison Herstic, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
aherstic@vandallp.com
*Attorneys for Petitioners*